UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

WAYNE ANTOINE,

                                    Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, CAPTAIN THOMAS H.
DELAHANTY, POLICE OFFICER BRIAN RAMOS,
JOHN DOE POLICE OFFICERS 1-3,


                                  Defendants.

------------------------------------------------------------------------ X

**ANSWER**

07 CV 7619  (JSR) (GWG)

Jury Trial Demanded

The CITY OF NEW YORK AND RAYMOND KELLY by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

        1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.  Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        3.  Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to seek the relief as stated therein.

        4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to bring this action and invoke the Court's jurisdiction as stated therein.

---

[1] Upon information and belief, the individuals identified in the caption of the complaint as "Thomas H. Delahanty" and "Brian Ramos" have not been served with a copy of the Summons and Complaint or requested representation from the office of Corporation Counsel.

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department and that plaintiff purports to sue Commissioner Kelly in his individual and official capacities as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff purports to sue Thomas Delahanty in his individual and official capacities as stated therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to sue unidentified individual defendants in their individual and official capacities as stated herein.

12. The allegations set forth in paragraph "12" of the complaint constitute legal conclusions rather than averments of fact to which no response is required.

13. The allegations set forth in paragraph "13" of the complaint constitute legal conclusions, rather than averments of fact, to which no response is required.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that on or about May 30, 2006 plaintiff was arrested and received an adjournment in contemplation of dismissal on about May 31, 2006.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint including each and every allegation set forth in subparagraphs "a" through "g".

18. In response to the allegations set forth in paragraph "18" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "17" of this answer as if fully set forth herein.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegations set forth in paragraph "21" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "20" of this answer as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "21" through "28" of this answer as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "32" of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "37" of this answer as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "43" of this answer as if fully set forth herein.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "46" of this answer as if fully set forth herein.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

50. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

51. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

52. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

53. At all times relevant to the acts alleged in the complaint, defendant Raymond Kelly acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

54. Plaintiff's may have failed to comply with conditions precedent to suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

56. The actions of any police officers involved were justified by probable cause and/or reasonable suspicion.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

57. Defendant Raymond Kelly has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

58. Plaintiff provoked any incident.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

59. At all times relevant to the acts alleged in the complaint, the duties and functions of the defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

60. Punitive damages cannot be assessed against the City of New York.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

61. Defendant Raymond Kelly had no personal involvement in the incident alleged in the complaint.

**WHEREFORE,** the City of New York and Raymond Kelly request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                October 29, 2007

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York
                                        Attorney for Defendants City of New York,
                                        100 Church Street, Rm. 3-221
                                        New York, New York 10007
                                        (212) 442-8600

                                By:     _____
                                        Sabrina Tann (ST 2552)
                                        Assistant Corporation Counsel
                                        Special Federal Litigation

TO:     BY FIRST CLASS MAIL
        Nicole Bellina, Esq.
        Attorney for Plaintiff
        71 Nevins Street
        Brooklyn, New York 11217

Index No.  07 CV 1401 (DAB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE ANTOINE,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE
COMMISSIONER RAYMOND KELLY,
CAPTAIN THOMAS H. DELAHANTY, POLICE
OFFICER BRIAN RAMOS, JOHN DOE POLICE
OFFICERS 1-3,

Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York*
*and Raymond Kelly*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Sabrina Tann*
*Tel:  (212) 442-8600*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ......................................, 200......*

*..........................................................Esq.*

*Attorney for ..............................................................*