Revised Form D—For cases assigned to Judge Rakoff
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Effective March 29, 2004

------------------------------------------ x

**Wayne Antoine**

                Plaintiff(s),

-v-

**The City of New York
Police Commissioner Raymond Kelly
Thomas H. Delahanty
Police Officer Brian Ramos,** *Shield No. 9885*
**Police Officer John Doe** *1 - 3*

                Defendant(s).

------------------------------------------ x

CIVIL CASE MANAGEMENT PLAN
(JUDGE RAKOFF)

**07 Civ. 7619 (JSR)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-15-07

**This Court requires that this case shall be <u>ready for trial</u> on
APRIL 14, 2008.**

     After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.    The case (**is**) (is not) to be tried to a jury. [Circle as appropriate]

B.    Joinder of additional parties must be accomplished by **12/15/08**.

C.    Amended pleadings may be filed without leave of Court until **1/15/08**.

D.    Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

    1.  <u>Documents.</u> First request for production of documents, if any, must be served by ~~12/14~~ **11/21/07**. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 6 below.

    2.  <u>Interrogatories.</u> Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by **12/24/07**. No other interrogatories are permitted except upon prior express permission of Judge Rakoff. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

    3.  <u>Experts.</u> Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by **2/1/08**. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by **2/29/08**. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but <u>such depositions must occur within the time limit for all depositions set forth below</u>.

4.  Depositions. All depositions (including any expert depositions, see item 3 above) must be completed by __3/07/08__. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

5.  Requests to Admit. Requests to Admit, if any, must be served by __2/14/08__ [insert date that is no later than 30 days prior to date of close of discovery as set forth in item 6 below].

6.  All discovery is to be completed by __3/14/08__. Interim deadlines for items 1–5 above may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion date set forth in this paragraph, which shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

E.  Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought on without further consultation with the Court provided that a Notice of any such motion, in the form specified in the Court's Individual Rules of Practice, is filed no later than one week following the close-of-discovery date (item D-6 above) and provided that the moving papers are served by __3/28/08__, answering papers by __4/9/08__, and reply papers by __4/14/08__ [the last of these days being no later than six weeks following the close of discovery]. Each party must file its respective papers with the Clerk of the Court on the same date that such papers are served. Additionally, on the same date that reply papers are served and filed, counsel for the parties must arrange to deliver a courtesy non-electronic hard copy of the complete set of papers to the Courthouse for delivery to Chambers.

F.  A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions, shall be held on __4/21/08 at 4pm__ [date to be inserted by the Court], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

G.  All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

_____
JED S. RAKOFF
U.S.D.J.

DATED: New York, New York
__11/14/07__